NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-102

HONGNIAN GUO

vs.

JACQUELINE D. CAMERON CHAPPEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Hongnian Guo, appeals from a Superior Court judgment dismissing his complaint against the defendant, a guardian ad litem appointed by a Probate and Family Court judge, on the ground of absolute quasi judicial immunity.  Agreeing that the defendant enjoys absolute immunity, we affirm.

1.  Standard of review.  "We review the allowance of a motion to dismiss de novo," Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014), "accepting as true all well-pleaded facts alleged in the complaint." Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 253 (2021), quoting Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).  To survive a motion to dismiss, the

plaintiff must present, at the pleading stage, "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." United Oil Heat, Inc. v. M.J. Meehan Excavating, Inc., 95 Mass. App. Ct. 579, 581 (2019), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

2. Immunity. A person performing a quasi judicial function "is entitled to judicial immunity and therefore is 'exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him [or her] by law." Hornibrook v. Richard, 488 Mass. 74, 78 (2021), quoting LaLonde v. Eissner, 405 Mass. 207, 210 (1989). "[S]uch immunity [is] necessary to ensure the zealous and impartial execution of vital public functions." Padmanabhan v. Cambridge, 99 Mass. App. Ct. 332, 339 (2021). A guardian ad litem making a report to the court "acts as an arm of the court and is an integral part of the judicial process" and thus is entitled to absolute immunity. Sarkisian v. Benjamin, 62 Mass. App. Ct. 741, 745 (2005).

Here, the plaintiff's complaint alleges that the defendant "is the GAL (guardian ad litem) appointed by Norfolk Probate and family court," and the plaintiff confirmed this during the hearing on the defendant's motion to dismiss. The complaint, by its own terms, is "[b]ased on this report full of biases, lies, untruth, and unprofessional statement" prepared by the defendant

2

in her role as a guardian ad litem.  Accordingly, the allegations in the complaint establish that the complaint is barred by absolute immunity.  That the plaintiff alleges that the defendant acted improperly does not affect the analysis, as "absolute immunity must at the same time shelter both the scrupulous and the errant public official," <u>Dinsdale</u> v. <u>Commonwealth</u>, 424 Mass. 176, 182-183 (1997), quoting <u>Chicopee Lions Club</u> v. <u>District Attorney for the Hampden Dist</u>., 396 Mass. 244, 252 (1985).

<u>Judgment affirmed</u>.

By the Court (Shin, Ditkoff & Brennan, JJ.[1]),

Clerk

Entered:  October 16, 2024.

---

[1] The panelists are listed in order of seniority.